**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YOMEE TOYS (SHUYANG) CO., LTD<br><br>        Plaintiff,<br><br>v.<br><br><br>SHENZHEN MEISHANG BAOKANG E-COMMERCE CO., LTD, d/b/a Jalunth and DOES 1-50, inclusive,<br><br><br>        Defendants. | Civil Action No.: |

## <u>COMPLAINT</u>

Plaintiff Yomee Toys (Shuyang) Co., Ltd ("Plaintiff") hereby files this Complaint against Defendant Shenzhen Meishang Baokang E-Commerce Co., Ltd, d/b/a Jalunth, and Does 1-50, inclusive, (collectively, "Defendants") and alleges as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff files this action to seek monetary damages and injunctive relief based on Defendants' blatant and unlawful misappropriation of Plaintiff's valuable intellectual property rights in connection with the sales and/or offering for sale of low-quality knock-off toss and catch game sets on Amazon.com. The requested relief is warranted and based upon Defendants' violations of the federal Lanham Act for trade dress infringement and false designation of origin, violations of the Illinois Uniform Deceptive Trade Practices Act, and violations of the federal Copyright Act for copyright infringement.

2.      Plaintiff owns and operates the Amazon Storefront Account EVERICH TOY. Plaintiff is the original creator of the EVERICH TOY toss and catch game set and the first to sell this product and use it as a designation of source in the United States.

3.      Plaintiff's products have achieved massive success and widespread recognition among the consuming public, which has unfortunately led to the illegal imitation and counterfeiting activity by some of Plaintiff's competitors, in particular those who are currently based in China and are fly-by-night operations intent on evading U.S. laws.   Furthermore, to facilitate their counterfeiting scheme, Defendants use Plaintiff's copyrighted photographic images so that their Amazon stores appear to be selling genuine Plaintiff products to unknowing consumers.

4.      Defendants' unlawful actions amount to a blatant, willful, and conscious disregard for Plaintiffs intellectual property rights, and were knowingly and intentionally taken to piggyback off of the enormous popularity, goodwill, and success of Plaintiff's highly recognizable, unique, and valuable design of the EVERICH TOY toss and catch game set.  Such conduct has caused and continues to cause confusion to the public and injury to Plaintiff.

5.      Plaintiff hereby seeks to curtail the unlawful activity and illegal counterfeiting by preventing Defendants from continued infringement, dilution and misappropriation of Plaintiff's valuable intellectual property rights.  Defendant's misconduct is harmful and will continue to cause Plaintiff injury, including by lost sales, diminished reputation in the marketplace and the dilution of its valuable intellectual property, unless and until this Court enjoins it.  By this suit, Plaintiff is seeking compensatory damages, enhanced damages, attorneys' fees and costs, injunctive relief, relief authorized under federal and Illinois law, and any relief that this Court may deem just and proper.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq*., the Copyright Act, 17 U.S.C. § 101, *et seq*., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 § U.S.C. 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly target business activities toward Illinois consumers through their operation of fully interactive, commercial Internet store operating on Amazon.com, which offers for sale and/or sells products that infringe Plaintiff's trade dress to residents of Illinois.  Specifically, Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's trade dress and copyright.  Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

8.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and within this Judicial District by operating online stores located on Amazon Marketplace, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

## PARTIES

9.      Plaintiff Yomee Toys (Shuyang) Co., Ltd. (Yomee Toys) is a foreign company organized and validly existing under the laws of People's Republic of China with its principal

place of business located at No.6, Changjiang Road, MiaoTou Industrial Park, Shuyang County, Suqian City, Jiangsu Province, China.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are individuals and/or business entities who reside in the People's Republic of China and conduct business throughout the United States, including within Illinois and in this Judicial District, by operating online stores located on Amazon Marketplace under multiple fictitious seller names.

11.     Upon information and belief, Defendant Shenzhen Meishang Baokang E-Commerce Co., Ltd, d/b/a Jalunth ("Baokang"), is a company based in the People's Republic of China.  Upon further information and belief, Defendant Baokang is the owner and operator of an Amazon.com storefront account which operates under the brand name "Jalunth".

12.     Plaintiff's investigation regarding the true identities and possible corporate structures for each of the Defendants is still ongoing, and Plaintiff will take appropriate steps to amend this Complaint if additional identifying information is discovered at a later time. Nevertheless, the design elements and similarities of the knock-off products, along with the blatant infringement of Plaintiff's valid copyrights demonstrate a logical relationship between the Defendants and suggesting that their illegal operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## FACTUAL ALLEGATIONS

**The EVERICH TOY Toss and Catch Game Set**

13.     Plaintiff is engaged in the development, manufacture, and sale of outdoor game products, including the celebrated EVERICH TOY Toss and Catch Game Set.  Plaintiff has created unique, distinctive, and non-functional designs to use with the EVERICH TOY Toss and Catch Game Set.  Specifically, the EVERICH TOY Toss and Catch Game Set includes the following

striking features: the distinctive contrasting and non-monochrome coloring of the paddles and soft

balls, the unique cross-shaped stitching on the pads, and the upside-down pear-shaped transparent

bag with the name "EVERICH" positioned on the top middle of the bag.



14.     The designs of the EVERICH TOY Toss and Catch Game Set are distinctive and

non-functional and identify to consumers that the origin of the products is EVERICH TOY.

Plaintiff has extensively and continuously promoted and used these designs in the United States

and in Illinois, including investing significant resources in advertising, marketing, distributing and

improving this product.

15.     To date, Plaintiff has sold tens of thousands of units of its EVERICH TOY toss and

catch game sets throughout the United States, including sales to customers in the State of Illinois.

The design and features of the products have received widespread public attention and have

become well-known indicators of the origin and quality of Plaintiff's products.  As such, Plaintiff's

designs have acquired substantial secondary meaning in the marketplace and have become famous.

16.     As a result of at least Plaintiff's continuous and extensive use of the design, and the highly valuable goodwill and substantial secondary meaning acquired as a result, Plaintiff owns trade dress rights in the design and appearance of the EVERICH TOY Toss and Catch Game Set, which consumers have come to uniquely associate with Plaintiff's Amazon Storefront EVERICH TOY.

17.     Plaintiff also owns all right, title and interest in and to United States Copyright Registration No. VA2-257-606 ("Plaintiff's Copyright"), including the exclusive rights to use and reproduce photographs protected by this Copyright and to distribute these photographs to the public. The registration is valid, subsisting, unrevoked and uncancelled.   Moreover, this registration is incontestable.   A genuine and authentic copy of the U.S. federal copyright registration certificate for the above-listed Copyright is attached hereto as **Exhibit 1.**

**Defendants' Unlawful Conduct**

18.     The success of the EVERICH TOY Toss and Catch Game Set has resulted in significant counterfeiting and efforts to create knock-off versions.  Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites such as Amazon.com.  Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations.

19.     Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products.

20.     Plaintiff has used its trade dress extensively and continuously before Defendants began selling or offering to sell similar products in the United States.  Plaintiff's trade dress had

become famous and acquired secondary meaning in the United states before Defendants commenced their unlawful use of Plaintiff's trade dress.

21.     The similarity between Defendants' products and Plaintiff's Products is striking, as Defendants' products have precisely the same distinctive, unique and non-functional design elements as Plaintiff's products (the same distinctive contrasting and non-monochrome coloring of the paddles and the soft balls, the same unique cross-shaped stitching on the pads, and the same upside-down pear-shaped transparent bag with the brand name on the top middle of the bag.)

22.     These overlaps are deliberate and intended to reinforce a perceived association between Defendants and EVERICH TOY. Exemplary images of an authentic and original products compared with knock-off, counterfeited versions of the products can be seen as follows:

23.

| Illustration 1: Exemplary images of Plaintiff's Legitimate Products[1] | Illustration 2: Exemplary Images of Defendants' knock-offs[2] |
|---|---|
|  |  |

---

[1] EVERICH TOY Paddle Toss and Catch Ball Set. Everich Toy Amazon Online Store. (https://www.amazon.com/dp/B0832KK7CS) (last visited July 24, 2021).

[2] JALUNTH Ball Catch Set Games Toss Paddle. Jalunth Amazon Online Store. (https://www.amazon.com/dp/B08BCJD3CQ) (last visited July 24, 2021).

24.     Defendants also facilitate sales by using nearly identical copies of Plaintiff's copyrighted listings photos on Defendant Internet Stores so that they appear to unknowing consumers to be the source of or otherwise authorized to sell Plaintiff's products. This, coupled with the fact that Defendants' products are almost indistinguishable from Plaintiff's products, is likely to cause confusion, or cause mistake, or to deceive concerning the source of the parties' goods, and/or whether Plaintiff has sponsored, endorsed or licensed the Plaintiff's products to the Defendants (or vice versa), and/or whether there is any connection or affiliation between the two.

25.     Further, even though Defendants' products are intended to look and feel like Plaintiff's products, the quality of Defendants' products are vastly inferior.  Amazon reviewers of Defendants' products have complained about the lack of quality control with respect to Defendants' products.  For example, one reviewer commented that "[t]he ball cracked open within one day. The pad also has a crack on the edge."  Another reviewer commented that "[b]oth hand paddles broke within a few catches, we are not all star pitchers and not sure how a six year old could throw hard enough to break it." As another extreme example, one Amazon reviewer stated that "[the product] [f]ell apart after about 10mins of use."

26.     Because Defendants' products are knocked off versions that closely imitate the distinctive designs of Plaintiff's products, their actions create a possibility that Plaintiff's trade dress will no longer serve as a unique identifier of Plaintiff's products to consumers and therefore dilutes the brand.  Even worse, the inferior quality of Defendants' products could tarnish the reputation that Plaintiff has worked very hard to develop, and on which Plaintiff has spent hundreds of thousands of dollars in promotions and advertising.  As a result, Plaintiff will suffer lost sales and foregone business because of the improper and negative associations between Plaintiff's brand and the inferior knockoffs.

27.     Defendants' blatant misappropriation of Plaintiff's valuable intellectual property rights is done without Plaintiff's permission and without compensation to Plaintiff.  At no time did Defendants obtain a license or any other permission or authorization from Plaintiff that would allow Defendants to make and sell products having the same look and feel as an authentic EVERICH TOY Toss and Catch Game Set and/or using Plaintiff's listing photos.  Plaintiff is not aware of any effort made by Defendants to license or otherwise lawfully use Plaintiff's trade dress and copyrighted images.

28.     Defendants' conduct is both unlawful and unfair.  Their use of Plaintiff's trade dress, including through knockoffs, reproductions, copies, and/or colorable imitations thereof, and protected images, have been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by their almost exact copying of Plaintiff's products and listing pictures, and their misuse was done with full knowledge of Plaintiff's intellectual property rights, and they chose to engage in these unlawful conducts to deceive and mislead the public into believing that their products are sponsored, licensed, authorized by, affiliated, connected, or otherwise associated with EVERICH TOY.

29.     Based on the foregoing, Defendants' infringement has caused Plaintiff irreparable harm and will continue to cause irreparable harm to its reputation, the good will of Plaintiff's trade dress, the ability of that trade dress to serve as a source indicator for the products associated with that trade dress, and Plaintiff's ability to control the use of the trade dress so that it may function as a source identifier for Plaintiff's brand and products.

30.     Upon information and belief, Defendants own and hold no U.S.-based assets besides the U.S.-based Amazon accounts; therefore, Defendants are highly likely transfer all of the funds from their Amazon accounts to off-shore bank accounts outside of the jurisdiction of

U.S. Courts and thereafter ignore the lawsuit and deny Plaintiff all means of redress without judicial intervention.

## CAUSES OF ACTION

### COUNT I
### TRADE DRESS INFRINGMENT (15 U.S.C. § 1125)

31.     Plaintiff repeats the foregoing allegations and incorporates the paragraphs above by reference herein.

32.     Plaintiff's trade dress is entitled to protection under the Lanham Act. Plaintiff's trade dress includes the unique, distinctive, and non-functional designs and appearances of the EVERICH TOY Toss and Catch Game Set.  Plaintiff has extensively and continuously promoted and used such trade dress in the United States.  Through that extensive and continuous use, Plaintiff's trade dress has become a well-known indicator of the origin and quality of Plaintiff's products, and it has acquired substantial secondary meaning in the marketplace.  Moreover, Plaintiff's trade dress had acquired this secondary meaning before Defendants commenced their unlawful use of Plaintiff's trade dress in connection with the infringing products.

33.     Defendants' unauthorized use of Plaintiff's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Plaintiff and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with Plaintiff, in violation of §43(c) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     On information and belief, Defendants' violation has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the striking similarity between the

infringing products and Plaintiff's trade dress and Defendants' continuing willful disregard for Plaintiff's rights.

35.     Defendants' use of Plaintiff's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's trade dress and products.

36.     Plaintiff is entitled to injunctive relief and to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. § 1125(a), 1116, and 1117.

## COUNT II
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

37.     Plaintiff repeats the foregoing allegations and incorporates the paragraphs above by reference herein.

38.     Plaintiff's trade dress is entitled to protection under the Lanham Act.  Plaintiff's trade dress includes the unique, distinctive, and non-functional designs and appearances of the EVERICH TOY Toss and Catch Game Set. Plaintiff has extensively and continuously promoted and used such trade dress in the United States.  Through that extensive and continuous use, Plaintiff's trade dress has become a well-known indicator of the origin and quality of Plaintiff's products, and it has acquired substantial secondary meaning in the marketplace.  Moreover, Plaintiff's trade dress had acquired this secondary meaning before Defendants commenced their unlawful use of Plaintiff's trade dress in connection with the infringing products.

39.     Defendants' unauthorized use of Plaintiff's trade dress, in connection with their infringing products in direct competition with Plaintiff, violates §43(c) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes false designation of origin, at least because Defendants' uses of

11

Plaintiff's trade dress are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' infringing products, at least by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with Plaintiff.

40.     On information and belief, Defendants' violation has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the striking similarity between the infringing products and Plaintiff's trade dress and Defendants' continuing willful disregard for Plaintiff's rights.

41.     Defendants' use of Plaintiff's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's trade dress and products.

42.     Plaintiff is entitled to injunctive relief and to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. § 1125(a), 1116, and 1117.

## COUNT III
## VIOLATIONS OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510 *et seq.*)

43.     Plaintiff repeats the foregoing allegations and incorporates the paragraphs above by reference herein.

44.     Plaintiff's trade dress is entitled to protection under the common law of Illinois. Plaintiff has extensively and continuously promoted and used its trade dress for years in the United States and the State of Illinois.  As a result of this, Plaintiff's trade dress has become a well-known indicator of the origin and quality of Plaintiff's products and acquired substantial secondary

meaning in the marketplace. In addition, Plaintiff's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of Plaintiff's trade dress in connection with their infringing products.

45. Defendants' unauthorized use of Plaintiff's trade dress violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 et seq., at least by palming off/passing off their products as those of Plaintiff, by simulating Plaintiff's trade dress in an intentional and non-mistaken manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Defendants' products, and by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with Plaintiff.

46. On information and belief, Defendants' violation has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the striking similarity between the infringing products and Plaintiff's trade dress and Defendants' continuing willful disregard for Plaintiff's rights.

47. Defendants' unlawful activities has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's trade dress and products.

48. Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 815 ILCS § 510.

/ / /

/ / /

13

## COUNT IV
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, *et seq.*)

49.     Plaintiff repeats the foregoing allegations and incorporates the paragraphs above by reference herein.

50.     Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) in obtaining the Copyright.

51.     Plaintiff is, and at all relevant times has been, the sole owner of the original photographic images that are the subject of this action and protected by Plaintiff's Copyright. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce and display the image.

52.     Defendants have intentionally reproduced, displayed, distributed, and made other infringing uses of the protected images, without authorization by Plaintiff.

53.     As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.

54.     Defendants' conduct was willful within the meaning of the Copyright Act. Specifically, Defendant knew they did not have authorization to reproduce, publicly display, distribute copies of, or made other infringing uses of the protected image but nonetheless willfully did so anyway.

55.     As a direct, actual, and proximate result of Defendants' willful infringement of Plaintiff's Copyright, Plaintiff suffered damages, including lost licensing fees and the ability to control the commercialization of Plaintiff's protected images.

56.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its copyrights.

57.     Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c). In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all others acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a.  using Plaintiff's trade dress or any reproductions, copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff to be sold in connection with Plaintiff's trade dress;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using Plaintiff's trade dress;

    c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing Plaintiff's trade dress and damaging Plaintiff's goodwill;

    e.  otherwise competing unfairly with Plaintiff in any manner;

    f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor

authorized by Plaintiff to be sold or offered for sale, and which use Plaintiff's trade dress, or any reproductions, copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Amazon marketplace accounts being used to sell or is the means by which Defendants could continue to sell infringing products; and

h. operating such online marketplace account or websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product using Plaintiff's trade dress, or any reproductions, copies or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with Plaintiff's trade dress;

(2) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all others acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

a. displaying images protected by Plaintiff's Copyrights in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiffs' Product or is not authorized by Plaintiffs to be sold in connection with the Plaintiff's Copyrights; and

b. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and protected by Plaintiffs' Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof.

(3) Entry of an Order against those in privity with Defendants and those with notice of the injunction, including Amazon, and that the same shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of infringing products, including any accounts associated with the Defendants;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing products; and

c. take all steps necessary to prevent links to the Defendant domain names and storefronts from displaying in search results, including but not limited to removal of any links or identifiers such as ASIN, etc.;

(4) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's trade dress and copyright be increased by a sum not exceeding the statutory limit;

(5) In the alternative, that Plaintiff be awarded statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) of $150,000 per infringed work;

(6) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

(7) Both pre-judgment and post-judgment interest; and

(8) Award any and all other relief to Plaintiff that this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).


Dated: July 24, 2021                                   **YK LAW LLP**


                                                       */s/ Edward Chen*
                                                       Edward Chen (CA Bar No. 312553)
                                                       YK Law LLP
                                                       125 South Wacker Dr. Suite 300
                                                       Chicago, Illinois 60606
                                                       (213) 401-0970
                                                       echen@yklaw.us

                                                       *Attorneys For Plaintiff*
                                                       *Yomee Toys (Shuyang) Co., Ltd.*