**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YOMEE TOYS (SHUYANG) CO., LTD<br><br>　　　　Plaintiff,<br>v.<br><br>SHENZHEN MEISHANG BAOKANG E-COMMERCE CO., LTD, d/b/a Jalunth and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Civil Action No.: 1:21-cv-03939 |

**DECLARATION OF ZHENHUAN ("NORTON") GU**

I, Zhenhuan ("Norton") Gu, hereby declare as follows:

1.　　I am a citizen and current resident of the People's Republic of China. I am an executive director of Yomee Toys (Shuyang) Co., Ltd ("Yomee"), Plaintiff in the above-named action and I make this declaration in support of the *Ex Parte* Motion for Entry of a Temporary Restraining Order, Asset Restraining Order, Expedited Discovery Order, and Service of Process by Electronic Means Order (the "Motion") based upon my personal knowledge, except where stated otherwise. I further declare that I could and would competently testify to the following facts if called upon to do so.

2.　　In 2010, I founded Yomee and have been directly involved with and in charge of Yomee's brand enforcement policies. I am knowledgeable of, and have access to, business records concerning all information referenced herein, including, but not limited to, Yomee's trademarks, sales, advertising and marketing, and media coverage. I make this declaration from matters within my own knowledge save where otherwise stated.

1

3.  Plaintiff is a company organized and existing under the laws of People's Republic of China, having its principal place of business at No.6, Changjiang Road, MiaoTou Industrial Park, Shuyang County, Suqian City, Jiangsu Province, China.

4.  Plaintiff is engaged in the development, manufacture, and sale of high-quality outdoor game products, including the celebrated EVERICH TOY Toss and Catch Game Set. Plaintiff is the original creator and designer of the EVERICH TOY Toss and Catch Game Set and the first to sell it and use it as a source identifier in the United States. The EVERICH TOY Toss and Catch Game Set is sold throughout the U.S. through its Amazon Storefront EVERICH TOY.

5.  The EVERICH TOY Toss and Catch Game Set is a high-quality toss and catch game product with unique and distinctive designs, featuring the distinctive contrasting and non-monochrome coloring of the paddles and soft balls, the unique cross-shaped stitching on the pads, and the upside-down pear-shaped transparent bag with EVERICH positioned on the top middle of the bag.

6.  Since its launch, the EVERICH TOY Toss and Catch Game Set has consistently and continuously been sold in the marketplace and they have always included those design features that constitute its trade dress.

7.  The EVERICH® mark (U.S. Registration Number 88254400) and the EVERICH TOY® mark (U.S. Registration Number 85451654) were registered in 2019 and 2012 respectively. Plaintiff is an exclusive authorized distributor of products bearing these marks (U.S. Registration Number 4778909), including the celebrated EVERICH TOY Toss and Catch Game Set. These marks have been used exclusively by Plaintiff since the authorization and have never been abandoned.

8. Plaintiff's designers settled on specific elements of the EVERICH TOY Toss and Catch Game Set to create an identifiable look and feel that would distinguish the product from other competing products in the marketplace and to signify to the consumers that the product comes from Plaintiff's Amazon Storefront EVERICH TOY.

9. The design elements of EVERICH TOY Toss and Catch Game Set are not selected to increase quality or reduce costs. There are alternative designs that are less expensive to produce.

10. Plaintiff could have simplified the designs to save costs. Further, although the EVERICH TOY Toss and Catch Game Set is made with high-quality materials, the particular design was not chosen to improve quality – something determined by the quality of the materials chosen, and the manufacturer's machinery, skill and care with which the products are manufactured, in line with Plaintiff's stringent quality control standards. There are numerous ways to design a toss and catch game product that would have increased the quality of the product, but Plaintiff selected the particular design primarily to distinguish its products from those of others.

11. The design elements, including the shape, appearance, texture, and feel of the EVERICH TOY Toss and Catch Game Set, are aesthetic features specifically designed to distinguish the EVERICH TOY Toss and Catch Game Set from other competing products rather than to provide a particular function. There are numerous ways to design a similar product that would have functioned equally well.

12. Further, Plaintiff has never advertised any utilitarian advantages of its EVERICH TOY Toss and Catch Game Set, other than those characteristics that hold true for most, if not all, toss and catch game products.

13. At no time has Plaintiff filed for a utility patent for EVERICH TOY Toss and Catch Game Set as a whole or any element thereof.

14. There are numerous alternative designs actually used and available to competitors to design a toss and catch game product without infringing upon Plaintiff's trade dress and trading off the goodwill garnered by Plaintiff in its EVERICH TOY Toss and Catch Game Set.

15. Plaintiff has exerted significant time, money and effort to extensively and continuously promote and utilize the EVERICH/EVERICH TOY brand in conjunction with the designs for the EVERICH TOY Toss and Catch Game Set in the United States and Illinois.

16. As a direct result of these and other efforts in promoting and building its recognition in the marketplace, Plaintiff's product has exploded in popularity, creating substantial demand for and interest in the EVERICH TOY Toss and Catch Game Set, and generating enormous goodwill in the trade dress in the United States.

17. Since its launch, Plaintiff has sold tens of thousands of units of EVERICH TOY Toss and Catch Game Set which have generated a significant amount of sales revenue in the U.S. The EVERICH TOY Toss and Catch Game Set is a "best-seller" product on Amazon.com and has been reviewed over 2,700 times on the site.

18. Because of Plaintiff's extensive efforts to distinguish its products and the resulting massive success and popularity of the EVERICH TOY Toss and Catch Game Set, consumers have come to uniquely associate Plaintiff's high-quality EVERICH TOY Toss and Catch Game Set with the Plaintiff's Amazon Storefront EVERICH TOY.

19. I am also informed and believe that the EVERICH TOY Toss and Catch Game Set owes its popularity, in part, due to its high quality and rigorous quality control procedures that it undergoes.

20. Plaintiff's products have become so popular among, sought after by, and recognizable as a brand by the public that competitors like defendants started selling unauthorized

merchandise that almost exactly copy EVERICH TOY Toss and Catch Game Set on Amazon.com. Specifically, Defendants' products have the same distinctive contrasting and non-monochrome coloring of the paddles and the soft balls, the same unique cross-shaped stitching on the pads, and the same upside-down pear-shaped transparent bag with the brand name on the top middle of the bag, among other shared features.

21. Defendants also facilitate sales by using nearly identical copies of Plaintiff's copyrighted listings photos (United States Copyright Registration No. VA0002257606) on their Internet Stores so that they appear to unknowing consumers to be the source of or otherwise authorized to sell Plaintiff's products.

22. Additionally, the quality of Defendants' products is vastly inferior. Various Amazon reviewers of Defendants' products have complained about the lack of quality control with respect to Defendants' products.

23. Plaintiff has not licensed or authorized Defendants to use any of the Plaintiffs trade dress, and none of the Defendants are authorized retailers of Plaintiff's genuine products.

24. My investigation and understanding of the e-commerce marketplace indicates that Defendants likely come from China and they set up and operates Amazon stores that is accessible to United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold infringing products to residents of Illinois. Beyond that, Plaintiff is currently unaware of the true identities and locations of the Defendants, as well as the scope and volume of Defendants' counterfeiting operation, nor how many other Defendant internet stores are used to sell and distribute the infringing products.

25. Now that Plaintiff has invested so significantly in the development, advertising, and promotion of its products, Defendants can ride Plaintiff's proverbial coattails without having to undertake those same investments.

26. With Defendants' significant distribution network in the marketplace, this will cause great harm to Plaintiff's market share and profitability for the authentic EVERICH TOY Toss and Catch Game Set.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of August, 2021 at Suqian City, Jiangsu Province, China.

*/s/ Zhenhuan Gu*
Zhenhuan ("Norton") Gu